IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah Corporation<br><br>        Plaintiff,<br><br>vs.<br><br>DISCUS DENTAL, LLC, a California limited liability company,<br><br>        Defendant. | **ORDER**<br><br>Case No. 2:07-CV-909 |

Before the Court is Defendant Discus Dental, LLC's motion to transfer venue of this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a), or in the alternative, for a stay pending the resolution of the action previously filed in the Central District of California.

**Background**

In July of 1999, CAO Group, Inc. ("CAO") and Discus Dental, LLC ("Discus") began working with each other on the design and manufacture of dental curing lights. Pursuant to this venture, the parties entered into three separate Confidentiality Agreements in which CAO provided Discus with confidential and proprietary trade secret information. This information allegedly included a then-pending U.S. patent application directed to dental curing lights, a prototype dental curing light, a listing of certain claims contained in CAO's patent applications, and a description including specifications for a proposed dental curing light.

Negotiations between CAO and Discus regarding the transfer of this technology broke down in July of 2000, and the venture ceased. Subsequently, Discus released products which

CAO believes violate the Confidentiality Agreements and infringe some of their patents. On August 3, 2007, Discus filed a complaint against CAO in the United States District Court for the Central District of California seeking a declaratory judgment of invalidity and non-infringement of U.S. Patent Nos. 6,331,111, 6,719,559, and 6,783,362, allegedly owned by CAO. In response, CAO filed an Answer and Counterclaim on October 12, 2007, claiming patent infringement.

Also on October 12, 2007, CAO filed the present action in a state court of the State of Utah alleging, among other things, that Discus breached its obligations under the Confidentiality Agreements by disclosing confidential information to the public by and through the release of its dental curing light products. On November 21, 2007, pursuant to 28 U.S.C. § 1332, Discus removed this action to federal court. Discus now seeks to have this case transferred to the earlier-filed action in the Central District of California, or in the alternative, for a stay pending the resolution of the action in the Central District of California.

## Analysis

**I.    Transfer of Venue**

### A.    Mandatory Forum Selection Clause

As stated above, the present action is before the Court on allegations that Discus breached the terms of three Confidentiality Agreements entered into by the parties. Two of these three agreements contain a mandatory forum selection clause making Utah the exclusive venue for the resolution of any disputes arising therefrom. Plaintiff's Opposition to Defendant's Motion to Transfer, Exhs. B & C, ¶ 11, Dkt. No. 15 ("[A]ny litigation between the parties relating to this Agreement shall be conducted exclusively in the state or federal court (as appropriate) in Salt Lake City, Utah, and the parties agree to such exclusive jurisdiction and

venue."). Under Utah law and Tenth Circuit precedent, a mandatory forum selection clause, such as those at issue in this case, are binding and enforceable. *See Prows v. Pinpoint Retail Sys.*, 868 P.2d 809, 812 (Utah 1993) ("The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable."); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory.").

Discus argues, however, that convenience and fairness favor a transfer of venue to the Central District of California. Discus was the first to file, and chose California as the forum in which to litigate. "[T]he general rule [is] that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citation omitted). Furthermore, Discus argues that the majority of witnesses and other sources are in California, making California a more convenient forum.

But in order to prevent the enforcement of a valid mandatory forum selection clause, Discus must prove more than simple inconvenience. Discus "must demonstrate that the 'chosen state would be so seriously an inconvenient forum that to require [Discus] to bring suit there would be unjust.'" *Prows*, 868 P.2d at 812 (quoting Restatement (Second) of Conflict of Laws, § 80). This, Discus has not done. Although Discus makes much of its connections to California, CAO is similarly connected to Utah. CAO is based in Utah. All of its witnesses and documents are located in Utah.

Furthermore, courts in the Tenth Circuit have recognized that a party may assert claims subject to a mandatory forum selection clause in a different forum from where claims based on the same or similar facts have already been brought.  *See Sorenson v. Riffo*, 2007 U.S. Dist. LEXIS 33550 (D.Utah May 7, 2007); *Sokkia Credit Corp. v. Bush*, 147 F. Supp. 2d 1101, 1105 (D. Kan. 2001).  Accordingly, CAO is entitled to the benefit of its bargain, and Utah is the proper forum for the dispute at issue in this case – breach of the Confidentiality Agreements.

**B.     Waiver**

Discus contends that notwithstanding the two mandatory forum selection clauses, CAO waived its right to assert them when it addressed the Confidentiality Agreements in its Counterclaim filed in the California action.  *See, e.g.*, *Unity Creation, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001) ("a forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it") (quoting *In Re Rationis Enterprises, Inc.*, 1999 WL 6364 (S.D.N.Y. 1999)).  The only reference to the Confidentiality Agreements in CAO's Counterclaim, however, is a passing one in the factual background section.  CAO never raised the issue of breach in its Counterclaim, and explicitly objected to California as being the proper venue.  In other words, nothing in CAO's Counterclaim is inconsistent with its bargained for right to litigate in Utah any dispute arising from the Confidentiality Agreements.

CAO's Counterclaim for patent infringement in the California action does not constitute a waiver of the forum selection clause agreed upon by the parties.   Utah is the proper forum to litigate issues relating to the Confidentiality Agreements, and venue for this action will not be transferred.

## II.     Stay the Proceeding

Federal courts should not litigate two cases involving the same parties and issues at the same time.

> The rule is that the first federal district court which obtains jurisdiction of the parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated.  The simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to wastefulness of time, energy and money.'

*Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) (citation omitted).  The instant action and the California action involve the same parties and issues.  Although the claims before this Court are independent from the claims before the court in California, the underlying issues are the same – whether Discus used confidential and proprietary information it obtained from CAO in the manufacture and design of its products.  Therefore, in the interests of judicial economy, the Court will stay this action pending the resolution of the earlier-filed action in California.

## Conclusion

The mandatory forum selection clauses entered into by the parties are fair and reasonable and thus will be enforced.  Therefore, Defendant's motion to transfer venue is DENIED.  However, because the present action involves the same parties and issues as the earlier-filed California action, the Court will stay this proceeding pending the resolution of the California case.  Accordingly, Defendant's motion to stay is GRANTED.

Defendant's motion is DENIED in part and GRANTED in part consistent with this order.

**IT IS SO ORDERED:**

DATED this 4th day of February, 2008.

_____
Dee Benson
United States District Judge